

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/18/2025__

| | |
|---|---|
| **Office of the New York State Attorney General** | **Letitia James**<br>**Attorney General** |

April 17, 2025

**By ECF**
Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

> Plaintiff is directed to respond on or before April 24, 2025. The deadline for defendant Jennifer Wood to respond to the Complaint and crossclaims asserted by defendants Ulster County and Felicia Raphael is adjourned *sine die*, pending defendant Wood's anticipated motion to transfer the instant action. The Clerk of Court is kindly directed to terminate the motion at ECF No. 12.
> Dated: April 18, 2025
> White Plains, NY
>
> SO ORDERED:
> /s/ Nelson S. Román
> NELSON S. ROMÁN
> United States District Judge

Re:   *Sciacca v. Wood, et al.*, SDNY No. 25-cv-1634 (NSR)

Dear Judge Román:

  The Office of the New York State Attorney General ("OAG") represents defendant Jennifer Wood ("Wood"), sued in her individual capacity, in the above-referenced action. Plaintiff Anthony Sciacca ("Plaintiff") filed a Complaint on February 26, 2025 alleging Fourth Amendment false arrest and malicious prosecution claims against Wood pursuant to 42 U.S.C. § 1983, as well as a state-law false arrest claim. *See* Complaint, ECF No. 1. Pursuant to ¶ 3(A)(ii) of the Court's Individual Practices, Wood respectfully requests a pre-motion conference concerning her anticipated motion to transfer this action to the Northern District of New York ("NDNY") pursuant to 28 U.S.C. § 1404(a). Wood also requests that her time to respond to both the Complaint and the cross-claim asserted by defendants Ulster County and Felicia Raphael be stayed pending a decision on the motion.[1] Counsel for Plaintiff consents to the stay. The undersigned contacted counsel for Ulster County and Raphael as to their position on the stay, but has not received a response.

**A. Background**

  Plaintiff alleges that, after retiring as a police officer in July 2003, he intended to supplement his pension earnings by seeking employment as a public school teacher. *See* Complaint, ECF No. 1, at ¶¶ 11-15. Plaintiff was informed by the New York State Retirement System ("NYSLRS") that he needed to seek a "211 waiver," which allows a retiree to return to work for a public employer without the earnings limit that normally applies to retirees. *Id.* at ¶¶ 16-17. Plaintiff began working as a teacher for Ulster County BOCES in September 2005. *Id.* at ¶ 29. Plaintiff was subsequently terminated by Ulster County BOCES at the end of the 2018-19 school year due to a "problem" with his professional certificate. *Id.* at ¶¶ 55. In February 2022, Plaintiff was contacted by the Ulster County District Attorney's Office concerning an "issue" with the 211 waivers during his employment with Ulster County BOCES. *Id.* at ¶ 63.

  In July 2022, Plaintiff was arrested by the New York State Police and arraigned in New Paltz Town Court. *Id.* at ¶ 65. Plaintiff alleges that Wood, who was then the Deputy Chief Investigator at the Office of the State Comptroller ("OSC"), directed that Plaintiff be arrested and

"MEMO ENDORSED"

---

[1] The deadline for Wood to respond to the Complaint is May 2, 2025 (ECF No. 10). Ulster County and Raphael filed an Answer with cross-claim on April 2, 2025 (ECF No. 11). Pursuant to Fed. R. Civ. P. 12(a)(1)(B), Wood's response to the cross-claim is due by April 23, 2025.

charged based upon the theory that Plaintiff had submitted forged letters to NYSLRS on New York State Education Department ("NYSED") letterhead indicating that his 211 waivers had been approved. *Id.* at ¶¶ 68-74. Plaintiff was eventually indicted by the grand jury. *Id.* at ¶ 119. Plaintiff alleges that Raphael, then an Ulster County Assistant District Attorney, submitted a letter to the "criminal court" on August 14, 2023 seeking to dismiss the indictment based upon exculpatory evidence received from Plaintiff as well as new information received from OSC. *Id.* at ¶¶ 125-126. The criminal charges against Plaintiff were allegedly dismissed in February 2024. *Id.* at ¶ 135.

Plaintiff filed this action on February 26, 2025, and alleges he is a resident of Poughkeepsie, New York. *Id*. at ¶ 5. On April 2, 2025, Ulster County and Raphael filed their Answer, which asserts that venue in the Southern District of New York ("SDNY") is improper, and requests that this action be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) or transferred to the NDNY pursuant to 28 U.S.C. § 1404(a). *See* ECF No. 11 (Eleventh Affirmative Defense).

**B.     The Court Should Transfer This Action to the NDNY**

Pursuant to 28 U.S.C. §1404(a), a transfer of venue is justified "[f]or the convenience of parties and witnesses" and "in the interest of justice." The first step under §1404(a) is to examine whether the action "might have been brought in the transferee court." *Berman v. Informix Corp.*, 30 F.Supp.2d 653, 656 (S.D.N.Y. 1998) (quotation marks omitted). The NDNY is a proper venue under 28 U.S.C § 1391(b) for multiple reasons. First, the Complaint "relate[s] primarily to Defendants' actions taken within the [NDNY]." *De Ratafia v. Cty. of Columbia*, No. 12 Civ. 5457, 2013 WL 603128, at *4 (S.D.N.Y. Feb. 7, 2013). As discussed above, the key events alleged in the Complaint occurred in Ulster County, located within the NDNY. In addition, Wood is based in OSC's Albany office, where she was served with the Summons and Complaint (ECF No. 6).

The second step under § 1404(a) involves the balancing of several factors: "(1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances." *Reyes v. Division of State Police*, No. 23 Civ. 2284, 2023 WL 8097163, at *2 (S.D.N.Y. Nov. 21, 2023).

The convenience of the witnesses, which is "generally the most important factor," weighs decisively in favor of transferring this action. *Rindfleisch v. Gentiva Health Systems, Inc.*, 752 F.Supp.2d 246, 252 (E.D.N.Y. 2010). In particular, a transfer to the NDNY will be more convenient for witnesses located in Ulster County, as well as witnesses employed by OSC, NYSED, or NYSLRS who are based in Albany. By contrast, Plaintiff "has not identified *any* witnesses located in the [SDNY]" in the Complaint. *Reyes*, 2023 WL 8097163, at *4 (emphasis in original). Second, the location of records also supports a transfer of venue insofar as the records relevant to Plaintiff's claims are located in Ulster County or in Albany. *Id.* (noting that records relating to plaintiff's claims were located outside the SDNY).

The convenience of the parties also favors a transfer. As noted above, Wood is based in OSC's Albany office. Although Raphael was served with the Summons and Complaint in New York City via the Office of Court Administration (ECF No. 7), Raphael's current location is immaterial. Indeed, Raphael and Ulster County specifically requested a transfer of this action to the NDNY in their Answer. *See supra*. Although Plaintiff resides within the SDNY, Plaintiff cannot

Honorable Nelson S. Román  
April 17, 2025

reasonably argue that traveling from Poughkeepsie to the NDNY (instead of to White Plains) will "substantially add[]" to his inconvenience. *JetBlue Airways Corp. v. Helferich Patent Licensing*, LLC, 960 F.Supp.2d 383, 399 (E.D.N.Y. 2013) (quotation marks omitted). It is also clear from the Complaint that the "center of gravity of the litigation is located in" the NDNY. *Reyes*, 2023 WL 8097163, at *4 (quotation marks omitted). The Complaint does not appear to allege that a single event giving rise to Plaintiff's claims occurred within the SDNY.

In addition, the parties can more easily compel the attendance of witnesses located in Ulster County or Albany pursuant to Fed. R. Civ. P. 45(c)(1) if this case is transferred to the NDNY. But if this action remains in White Plains, the parties may need to incur expenses to compel the attendance of witnesses located more than 100 miles away. *Reyes*, 2023 WL 8097163, at *5 (citing Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment (subdivision (c))). Nor can there be any dispute that the NDNY is familiar with the governing law regarding false arrest and malicious prosecution claims. *See, e.g., Wilson v. Faulkner*, No. 20 Civ. 0104, 2024 WL 1285459 (N.D.N.Y. Mar. 26, 2024) (dismissing § 1983 and state-law false arrest claims brought against Ulster Police Department detective).

Plaintiff's decision to file the Complaint in the SDNY, which is Plaintiff's home venue, is generally afforded deference under § 1404(a). But a plaintiff's choice of venue is given significantly less weight where the operative facts have no connection to the chosen district. *See Morales v. Navieras de Puerto Rico*, 713 F.Supp. 711, 712–13 (S.D.N.Y.1989). Indeed, the Court has not hesitated to transfer actions to other districts where, as here, the other factors weigh heavily in favor of a transfer. *See De Ratafia*, 2013 WL 603128, at *6 (granting motion to transfer venue to NDNY, although plaintiffs were New York County residents, after considering the transfer factors "taken as a whole"); *Berman*, 30 F.Supp.2d at 659 (weight afforded to plaintiff's decision to file suit in SDNY "is far outweighed by the [other transfer factors] which point overwhelmingly in favor of transfer to California"). As noted above, Plaintiff cannot reasonably maintain that the NDNY is a significantly *less* convenient forum compared to White Plains.

In sum, transferring this action to the NDNY is justified based upon the "totality of the circumstances." *Reyes*, 2023 WL 8097163, at *6. Accordingly, Wood respectfully requests that her time to respond to the Complaint, as well as the cross claim asserted by Ulster County and Raphael, be stayed pending a decision on the motion to transfer venue. *See Reyes*, 2023 WL 8097163, at *2 (noting that the Court set forth a briefing schedule on State defendant's motion to transfer venue in response to request to stay the time to respond to the complaint); *Solar v. Annetts*, 707 F.Supp.2d 437, 443 (S.D.N.Y. 2010).

Thank you for time and consideration of this matter.

Respectfully submitted,

/s/_____  
Yuval Rubinstein  
Assistant Attorney General  
(212) 416-8673  
yuval.rubinstein@ag.ny.gov

cc:   All Counsel of Record (via ECF)